IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALERIE CHAVEZ,

       Plaintiff,

v.                               Case No. 1:15-CV-00857

GOVERNMENT EMPLOYEE INSURANCE
COMPANY

       Defendant.

## NOTICE OF REMOVAL

Government Employee Insurance Company (hereinafter "Defendant") by and through its counsel of record, Chapman and Charlebois, P.C., (Nicole M. Charlebois and Mark D. Trujillo), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.     Plaintiff Valerie Chavez ("Plaintiff") filed her Complaint for Damages ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2015-06633 (hereinafter "State Court Action") on August 18, 2015. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2.     In her Complaint, Plaintiff alleges she is a resident of the State of New Mexico. (*Id.* at ¶ 1).

3.     Plaintiff named Defendant, Government Employee Insurance Company, as the only Defendant in Plaintiff's Complaint.

4.     Defendant asserts its principal place of business is in the state of Maryland, and is also incorporated in the state of Maryland.

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.      Defendant accepted service through the State of New Mexico, Office of Superintendent of Insurance on August 27, 2015.  (See Exhibit B).

7.      Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.      As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (See Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.      Pursuant to Plaintiff's complaint allegations, the amount of money damages and losses resulting from her injuries and from which Plaintiff seeks from Defendant is "greatly in excess of the $25,000 she settled her claims against the tortfeasor for".  (See Exhibit A, at ¶ 8).

10.      In fact, Plaintiff has made a demand for $175,000 as full and final settlement of her underinsured motorist bodily injury claim.  (See Letter from Plaintiff's counsel dated March 7, 2013, hereto attached as Exhibit D).

11.      Pursuant to Plaintiff's complaint allegations, and previous settlement demand, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

12.      This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

13.      By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

14.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

2

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

16.     In addition to the Notice of Filing Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

17.     Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

18.     A Civil Cover Sheet for this Court is hereto attached as Exhibit G.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2015-06633 is removed to this Court.

Respectfully Submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

*/s/ Mark D. Trujillo*
Nicole M. Charlebois
Mark D. Trujillo
P.O. Box 92438
Albuquerque, NM 87199
Tel:  (505) 242-6000
nicole@cclawnm.com
mark@cclawnm.com
*Attorneys for Defendant Government*
*Employee Insurance Company*

3

I HEREBY CERTIFY that on the 25th day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and by email to the following counsel of record:

Brian K. Branch
Law Office of Brian K. Branch
715 Marquette, NW
Albuquerque, NM 87102
(505) 764-9710
bbranch@bkblaw.net

And

Rudolph B. Chavez
Law Office of Rudolph B. Chavez
2014 Central Ave., SW
Albuquerque, NM 87104
(505) 242-5500
rchavez112@comcast.net
*Attorneys for Plaintiff*


/s/ Mark D. Trujillo

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/18/2015 3:41:48 PM
James A. Noel
Chris Peck

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

VALERIE CHAVEZ,

        Plaintiff,

vs.                         No.     D-202-CV-2015-06633

GOVERNMENT EMPLOYEE INSURANCE
COMPANY,

        Defendant.

### *PLAINTIFF'S COMPLAINT FOR UNDERINSURED MOTORIST COVERAGE BENEFITS, BAD FAITH, BREACH OF CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, NEGLIGENCE, AND VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT*

COMES NOW, the Plaintiff in the above entitled and numbered cause of action by and through her attorneys of record **THE LAW OFFICES OF BRIAN K. BRANCH** (Brian K. Branch), and **THE LAW OFFICE OF RUDOLPH CHAVEZ** (Rudy Chavez) and in support of her Complaint would state as follows:

### *GENERAL ALLEGATIONS*

1.    Plaintiff, Valerie Chavez, at all times material hereto was a resident of the City of Albuquerque, Bernalillo County, State of New Mexico.

2.    Defendant Government Employee Insurance Company (hereinafter referred to as GEICO) is a corporation authorized to do business in the State of New Mexico and, at all times material hereto, was actually doing business in the State of New Mexico.

3.    Defendant GEICO was at all times material hereto was licensed to and was selling automobile insurance in the State of New Mexico.



4. Upon information and belief as part of the business of the Defendant GEICO is is the investigation, adjusting, and the handling of underinsured motorist of its insureds.

5. On November 4, 2011 and at all times material hereto the Plaintiff had an automobile insurance policy with Defendant GEICO. Said insurance policy provided uninsured/underinsured Motorist Coverage covering provided up to $100,000.00 in uninsured/underinsured motorist coverage.

6. On or about November 4, 2011, Plaintiff was involved in an automobile accident in Albuquerque, New Mexico, which resulted in serious injuries and resulting damages to the Plaintiff. At the time, Plaintiff was driving a vehicle owned by Plaintiff, with full insurance coverage with Defendant GEICO, including uninsured/underinsured Motorist Coverage.

7. Plaintiff after obtaining consent from the Defendant GEICO settled her personal injury claim against the party at fault in the subject accident for the available liability policy limits of $25,000.00, and with the understanding that the Plaintiff intended to pursue a claim under her uninsured/underinsured motorist coverage under Plaintiff's policy of insurance with the Defendant GEICO.

8. Plaintiff's damages and losses resulting from her injuries suffered in the subject accident are greatly in excess of the $25,000.00 she settled her claims against the tortfeasor for.

9. Beginning on or about January 15, 2015 and continuing through the present Plaintiff has attempted in good faith to settle any claim she had under her underinsured motorist coverage with the Defendant GEICO. These attempts have included but not been limited to providing Defendants with a settlement demand, setting forth Plaintiff's basis for the demand, as well as providing Defendants with copies of her medical records, medical bills, and the

2

police report. Despite these attempts on the part of the Plaintiff, the Defendant GEICO has failed and/or refused to respond to, honor or settle Plaintiff's claim or do so in a reasonable and timely manner.

### COUNT I
### GEICO'S BAD FAITH

10. Plaintiff hereby adopts and incorporates by reference herein paragraphs 1 through 9 of her Complaint as though set forth in full.

11. Defendant GEICO's failure and/or refusal to pay and/or respond in a reasonably prompt fashion to Plaintiff's settlement demand on her underinsured motorist claim arising out of the accident of November 4, 2011, were for reasons which were frivolous, unfounded, not supported by law or fact, and that placed the rights and interest of the Defendant GEICO before those of the Plaintiff.

12. Defendant GEICO's resusal to to even attempt to resolve the Plaintiff's underinsured motorist claim was likewise for reasons which are frivolous, unfounded, not supported by law or fact, and that placed the rights and interest of the Defendant GEICO before those of the Plaintiff.

12. With respect to Plaintiff's claim, Defendant GEICO failed and/or refused to communicate with Plaintiff and/or her attorney; has failed and/or refused to respond in a reasonable manner to numerous letters sent to Defendant GEICO; has failed and/or refused to make any effort to negotiate a settlement or resolution of Plaintiff's underinsured motorist claim; and have otherwise acted in complete bad faith as that term is legally recognized with respect to Defendant GEICO's dealings with the Plaintiff. All of this conduct was ongoing and some continues to the present.

13. Defendant GEICO's conduct as set out above ignored the rights and interest of the

Plaintiff, and placed the interest of the Defendant above the rights and interest of the Plaintiff.

14. As a direct and proximate result of the Defendant GEICO's bad faith in denying and/or refusing and/or ignoring Plaintiff's claim for frivolous and/or unfounded reasons, Plaintiff has sustained monetary damages and will continue to sustain monetary damages in the future, all in an amount not presently determinable but to be proven at the time of trial.

15. Defendant GEICO's conduct as described above was willful, wanton, malicious, reckless, in bad faith, or grossly negligent thus warranting an award of punitive damages in an amount to be determined by the trier of fact and sufficient to punish the Defendant GEICO for its conduct and to deter others from similar conduct.

16. Defendant GEICO's conduct as described above was committed by its agents, representatives, or employees and such conduct was ratified and/or acquiesed to by the Defendant or in the alternative was committed by employees and/or agents of the Defendant while acting in a managerial capacity with the Defendant.

### COUNT II
### GEICO'S BREACH OF CONTRACT

17. Plaintiff adopts and incorporates by reference herein paragraphs 1 through 16 of her Complaint as set forth in full.

18. Defendant GEICO expressly and/or impliedly represented that it would in good faith thoroughly and fairly investigate and process any claims Plaintiff may make under her policy of insurance with Defendant GEICO and such representations were material to the formation of the contract of insurance with Defendant GEICO.

19. Defendant GEICO is in breach of said contract of insurance and, as a result, Plaintiff

has incurred monetary damages as aforesaid and Defendant GEICO is therefore liable for all such damages suffered by Plaintiff as a result of Defendant's breach, all in an amount to be proven at the time of trial.

20. Defendant GEICO's conduct as described above was willful, wanton, malicious, reckless, and/or in bad faith thus warranting an award of punitive damages in an amount to be determined by the trier of fact and sufficient to punish the Defendant GEICO for its conduct and to deter others from similar conduct.

21. Defendant GEICO's conduct as described above was committed by its agents, representatives, and/or employees and such conduct was ratified and/or acquiesed to by the Defendant or in the alternative was committed by employees and/or agents of the Defendant while acting in a managerial capacity with the Defendant.

### COUNT III
### GEICO'S VIOLATION OF THE
### NEW MEXICO INSURANCE CODE

22. Plaintiff adopts and incorporates by reference herein paragraphs 1 through 21 of her Complaint as though set forth in full.

23. Defendant GEICO in doing the acts alleged herein, violated the statutory duties imposed on it by the New Mexico Insurance Code, and more particularly, NMSA 1978 §59A-16-20 (2012 Repl.) of that Act and said Defendant has engaged in acts and practices prohibited by said statutory provisions.

24. Plaintiff is a member of the class of general public for whose benefit the aforementioned statute was enacted.

25. As a direct and proximate result of Defendant GEICO's failure to promptly,

thoroughly and fairly investigate and negotiated Plaintiff's claim and act thereon, Plaintiff has

suffered monetary damages and will suffer monetary damages in the future in an amount not

presently determinable but to be proven at the time of trial.

26. Defendant GEICO's conduct as described above was willful, wanton, malicious,

reckless, and/or in bad faith thus warranting an award of punitive damages in an amount to be

determined by the trier of fact and sufficient to punish the Defendant GEICO for its conduct and

to deter others from similar conduct.

27. Defendant GEICO's conduct as described above was committed by its agents,

representatives, or employees and such conduct was ratified and/or acquiesed to by the

Defendant or in the alternative was committed by employees and.or agents of the Defendant

while acting in a managerial capacity with the Defendant.

28. Plaintiff has had to obtain the services of attorneys to pursue this matter and, as such,

pursuant to NMSA 1978 §59A-16-30 (Repl. 2000) and NMSA 1978 §39-2-1 (Repl. 2012),

Plaintiff is entitled to an award of attorney's fees and reasonable costs associated therewith.

### COUNT IV
### GEICO'S VIOLATION OF THE NEW MEXICO
### UNFAIR PRACTICES ACT

29. Plaintiff adopts and incorporates by reference herein each and every allegation

contained in paragraphs 1 through 28 of her Complaint as though set forth in full.

30. At all times pertinent hereto, Defendant GEICO was a person as defined by NMSA

1978 §57-12-2(A) (Repl. 2012) engaged in trade or commerce as defined by NMSA 1978 §57-

12-2(B) (Repl. 2012).

31. Defendant GEICO has committed unfair or deceptive trade practices as that term is

defined in NMSA 1978 §57-12-2(C), (Repl. 2012).

32. Further the Defendant GEICO has committed unconscionable trade practices as that term is defined in NMSA 1978 §57-12-2(D), (Repl. 2012).

33. As a direct and natural consequence of the Defendant GEICO's violation of the Unfair Practices Act, the Plaintiff has been damaged in an amount not presently determinable, but to be proven at the time of trial.

34. Defendant has willfully engaged in unfair and deceptive trade practices, and as such, Plaintiff is entitled to recover additional damages in an amount up to three (3) times her actual damages.

35. It has become necessary for Plaintiffs to employ an attorney for purposes of representing her herein, and therefore, she is entitled to recover her attorney fees and reasonable costs.

## COUNT V
## GEICO'S NEGLIGENCE

36. Plaintiff incorporates paragraphs 1 through 35 of her Complaint as though set forth in full.

37. The Defendant GEICO had a legal duty to exercise due and reasonable care in the adjusting, investigation, and handling of Plaintiff's underinsured motorist claim.

38. Defendant GEICO failed to exercise due and reasonable care in the adjusting, handling, and investigation of Plaintiff's underinsured motorist claim, and as such is in breach of their legal duty to Plaintiff.

39. As a direct and proximate result of the Defendant GEICO's negligent acts and ommissions Plaintiff has suffered monetary damages and will suffer monetary damages in the future all in an amount not presently determinable but to be proven at the time of trial.

40. Defendant GEICO's conduct as described above was willful, wanton, malicious, reckless, and/or in bad faith thus warranting an award of punitive damages in an amount to be determined by the trier of fact and sufficient to punish the Defendant GEICO for its conduct and to deter others from similar conduct.

41. Defendant GEICO's conduct as described above was committed by its agents, representatives, or employees and such conduct was ratified and/or acquiesed to by the Defendant or in the alternative was committed by employees and/or agents of the Defendant while acting in a managerial capacity with the Defendant.

### *PRAYER FOR RELIEF*

WHEREFORE, by reason of the premises described herein the Plaintiff prays that judgment be entered against the Defendant GEICO and in favor of the Plaintiff for compensatory damages in an amount to be proved at trial; punitive damages in an amount to be determined by the trier of fact; pre-judgment interest at the rate allowed by law; post-judgment interest at the rate allowed by law; reasonable costs; attorney's fees; and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF BRIAN K. BRANCH**

Brian K. Branch
715 Marquette, NW
Albuquerque, New Mexico 87102
(505) 764-9710
(505) 764-9722 (fax)

AND

**THE LAW OFFICE OF RUDOLPH B. CHAVEZ**
Rudolph B. Chavez
2014 Central Ave SW
Albuquerque, New Mexico 87104
(505) 242-5500

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE
# CERTIFICATE

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

D202CV2015-06633

VALERIE CHAVEZ,
     Plaintiff(s),

VS.

GOVERNMENT EMPLOYEE INSURANCE COMPANY,
     Defendant(s),

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Notice and Receipt of Summons, Summons, Plaintiff's Complaint for Underinsured Motorist Coverage Benefits, Bad Faith, Breach of Contract, Violation of the New Mexico Unfair Claims Practices Act, Negligence and Violation of the New Mexico Unfair Trade Practices Act, on the above styled cause was accepted by me on behalf of GOVERNMENT EMPLOYEE INSURANCE COMPANY, on August 27, 2015, provided in Sections 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on August 31, 2015, as shown by return receipt by Postmaster,



In Witness Whereof, I have
hereunto set my official seal
on this 8th of September, 2015

Superintendent of Insurance



EXHIBIT
B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back  ·  Location : Bernalillo County  Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2015-06633

| Valerie Chavez v. Government Employee Insurance Company | § § § § § § | Case Type: | **Tort** |
|---|---|---|---|
| | | Date Filed: | **08/18/2015** |
| | | Location: | **Bernalillo County** |
| | | Judicial Officer: | **Huling, Valerie** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Government Employee Insurance Company | |
| **Plaintiff** | Chavez, Valerie | Brian K. Branch |
| | | *Retained* |
| | | 505-764-9710(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/18/2015 | **Cause Of Actions** | Breach of Contract |
| | Action Type | Action |
| 08/18/2015 | **Cause Of Actions** | Bad Faith |
| | Action Type | Action |
| 08/18/2015 | **Cause Of Actions** | Other Damages |
| | Action Type | Action |
| 08/18/2015 | **Cause Of Actions** | Trade Practices Act |
| | Action Type | Action |
| 08/18/2015 | OPN: COMPLAINT | |
| 08/18/2015 | ARB: CERT NOT SUBJECT | |
| 08/20/2015 | **Summons** | |
| | Government Employee Insurance Company | Unserved |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Chavez, Valerie | | | |
| Total Financial Assessment | | | 132.00 |
| Total Payments and Credits | | | 132.00 |
| **Balance Due as of 09/22/2015** | | | **0.00** |
| 08/18/2015 Transaction Assessment | | | 132.00 |
| 08/18/2015 File & Serve Payment | Receipt # ALBD-2015-24769 | Chavez, Valerie | (132.00) |



**RUDOLPH B. CHAVEZ**
**Attorney at Law**
**2014 Central Ave SW**
**Albuquerque, New Mexico  87104**
**(505) 242-5500**
**(505) 242-3250-Fax**

March 7, 2013

Chris Simonson
Geico General Insurance Company
PO Box 509105
San Diego, CA 92150-9930

RE:     My Client:          Valerie Chavez
        Your Insured:       Valerie Chavez
        Your Claim No:      039528661-0101-022
        Date of Loss:       November 4, 2011

Dear Mr. Simonson:

Enclosed please find a copy of Ms. Chavez's medical records and demand letter
forwarded to Progressive.  As you will see, Ms. Chavez's medical bills total $9,028.22
and she is in need of surgery which should be completed within the next two months.
She has already settled with Geico for policy limits of $25,000. According to my reading
of Ms. Chavez's policy, she has a policy limit of $200,000 under her under-insured
coverage.  As you know, you will receive a credit for the $25,000 that was paid to Ms.
Chavez by Progressive.

Therefore, I hereby make demand for $175,000 to fully compensate Ms. Chavez for her
current injuries, pain and suffering and future medicals.  Please make the check payable
to Rudolph B. Chavez, Attorney at Law and Valerie Chavez.  If there should be a
disagreement regarding her policy limit, please address that in your written response.

Thanking you in advance for your anticipated cooperation in this matter, I remain,

Very truly yours,

RUDOLPH B. CHAVEZ

RBC/ts
Enclosures



STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

VALERIE CHAVEZ,

       Plaintiff,

v.                            No. D-202-CV-2015-06633

GOVERNMENT EMPLOYEE INSURANCE
COMPANY,

       Defendant.

## <u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE that Defendant Government Employee Insurance

Company, by and through its counsel of record, Chapman and Charlebois, P.C., (Nicole

M. Charlebois and Mark D. Trujillo), has filed a Notice of Removal in the United States

District Court for the District of New Mexico.  A true and correct copy of the Notice of

Removal, attached to this Notice as Exhibit "1" was sent via email to:

Brian K. Branch
Law Office of Brian K. Branch
715 Marquette, NW
Albuquerque, NM 87102
(505) 764-9710
bbranch@bkblaw.net

Rudolph B. Chavez
Law Office of Rudolph B. Chavez
2014 Central Ave., SW
Albuquerque, NM 87104
(505) 242-5500
rchavez@112@comcast.net

Respectfully submitted,

CHAPMAN AND CHARLEBOIS, P.C.

Nicole M. Charlebois
Mark D. Trujillo
P.O. Box 92438
Albuquerque, NM 87199
Tel:  (505) 242-6000
nicole@cclawnm.com
mark@cclawnm.com
*Attorneys for Defendant Government Employee*
*Insurance Company*

EXHIBIT
E

I HEREBY CERTIFY that on the 25ᵗʰ day of September, 2015, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and by email to the following counsel of record:

Brian K. Branch
Law Office of Brian K. Branch
715 Marquette, NW
Albuquerque, NM 87102
(505) 764-9710
bbranch@bkblaw.net

And

Rudolph B. Chavez
Law Office of Rudolph B. Chavez
2014 Central Ave., SW
Albuquerque, NM 87104
(505) 242-5500
Rchavez112@comcast.net
*Attorneys for Plaintiff*

Mark D. Trujillo

2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

VALERIE CHAVEZ,

       Plaintiff,

v.                                No. D-202-CV-2015-06633

GOVERNMENT EMPLOYEE INSURANCE
COMPANY,

       Defendant.

## ENTRY OF APPEARANCE

       Chapman and Charlebois, P.C. (Nicole M. Charlebois and Mark D. Trujillo), hereby

enter their appearance on behalf of Defendant Government Employee Insurance

Company. Copies of all documents pertaining to litigation in this matter should be sent

to the undersigned attorneys.

                   Respectfully submitted,

                   CHAPMAN AND CHARLEBOIS, P.C.

                   Nicole M. Charlebois
                   Mark D. Trujillo
                   PO Box 92438
                   Albuquerque, NM  87199
                   505-242-6000
                   nicole@cclawnm.com
                   mark@cclawnm.com
                   *Attorneys for Government Employee Insurance Company*



I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this __25th__
day of September, 2015:


Brian K. Branch
Law Office of Brian K. Branch
715 Marquette, NW
Albuquerque, NM 87102
(505) 764-9710
bbranch@bkblaw.net

And

Rudolph B. Chavez
Law Office of Rudolph B. Chavez
2014 Central Ave., SW
Albuquerque, NM 87104
(505) 242-5500
Rchavez112@comcast.net

*Attorneys for Plaintiff*


Mark D. Trujillo

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VALERIE CHAVEZ

**DEFENDANTS**
GOVERNMENT EMPLOYEE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   BERNALILLO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MARYLAND
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian K. Branch, Law Office of Brian K. Branch, 715 Marquette NW Albuquerque, NM 87102 and Rudolph B. Chavez, Law Office of Rudolph B. Chavez, 2014 Central Ave. SW, Albuquerque, NM 87104

Attorneys *(If Known)*
Nicole M. Charlebois and Mark D. Trujillo
Chapman and Charlebois, P. C.
4100 Osuna NE, Suite 2-203 Albuquerque, NM 87109

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332 (a) and 28 U.S. Sec. 1441 (b)
Brief description of cause:
Contract Dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**EXHIBIT 6**